**Nathaniel Keith SINGLETON,**
**Plaintiff–Appellant,**

v.

**NFN SANDERS, Commissary Manager,**
**Defendant–Appellee.**

No. 04–40119.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2004.

Nathaniel Keith Singleton, Rosharon, TX, pro se.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Nathaniel Keith Singleton, Texas prisoner # 716045, has filed a motion captioned "Motion to reply with brief in support" following the district court's order dismissing as frivolous Singleton's 42 U.S.C. § 1983 civil rights action. Singleton's motion is construed as a motion for leave to proceed on appeal *in forma pauperis* ("IFP"). By moving for IFP, Singleton is challenging the district court's certification that IFP status should not be granted because the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997). Singleton's IFP "motion must be directed solely to the trial court's reasons for the certification decision." *Id.*

Singleton asserts only that the district court was wrong for denying him IFP. Although this court liberally construes *pro se* briefs, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court requires arguments to be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993). Because Singleton does not provide any analysis of the reasons for the district court's certification decision, he has abandoned the issue on appeal. *See id.*

Singleton has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, we uphold the district court's order certifying that the appeal presents no non-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous issues. Singleton's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh,* 117 F.3d at 202 n. 24; 5TH CIR. R. 42.2.

Singleton is cautioned that the district court's dismissal of his complaint as frivolous and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 385–87 (5th Cir.1996). If Singleton accrues three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.